**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KATHRYN MCDANIEL, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> LEGEND ENERGY SERVICES, LLC., ) </br> ) </br> Defendant. ) </br> ) </br> ) </br> ) </br> ) </br> ) | Case No: CIV-20-1278-R |

**COMPLAINT**

COMES NOW Plaintiff, Kathryn McDaniel, by and through her attorney, Jillian Mershon, hereby complains against Defendant, Legend Energy Services, LLC.

**PARTIES**

1. Plaintiff, Kathryn McDaniel (hereinafter "Plaintiff"), a female, is an individual resident residing in Minot, North Dakota.

2. Plaintiff is a former employee of Defendant, Legend Energy Services, LLC (hereinafter "Legend, LLC").

3. Defendant, Legend, LLC, is a Delaware limited liability company, operating in Oklahoma City, Oklahoma, within the Western District of Oklahoma.

**NATURE OF CASE**

1. Plaintiff alleges federal claims pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000(e) *et. seq.* ("Title VII"), and 42 U.S.C. § 1981 for gender discrimination, retaliation, and a hostile work environment. Plaintiff also brings a state law cause of action for wrongful discharge in violation of Oklahoma public policy against sex discrimination as set forth in the Oklahoma Anti-Discrimination Act, *et. seq.* ("OADA").

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to section 706(f) of Title VII of the Civil Rights Act of 1964, 28 U.S.C. §§ 1331 and 1343, 29 U.S.C. § 626(c), and 42 U.S.C. 2000e-5(f)(3). Plaintiff also brings a pendant state law claim under 25 O.S. § 1101 *et. seq*. This Court has jurisdiction over pendant state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue in this district is proper pursuant to 28 U.S.C. §1391 (b)–(c), because Defendants operate in this district and the unlawful conduct giving rise to the claims occurred in this district.

4. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 2000e-5(g). Compensatory and punitive damages are sought pursuant to 42 U.S.C. § 1981(a).

5. Costs and attorney fees may be awarded pursuant to 42 U.S.C. § 2000e-5(k) and Fed. R. Civ. P. 54.

6. This action properly lies in the District Court for the Western District of Oklahoma, pursuant to 28 U.S.C. § 1391(b) because the claim arose in this district,

and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practice occurred in this district.

## CONDITIONS PRECEDENT

7. Plaintiff Kathryn McDaniel timely filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 13 2019.

8. The EEOC issued rights to sue for charge 564-2020-00353, against Legend, LLC.

9. Plaintiff was issued a notice of right to sue letter for the above charges on September 24, 2020, and this lawsuit was filed within ninety (90) days of Plaintiff's receipt of such notice.

10. Plaintiff has exhausted her administrative remedies under the law.

## GENERAL ALLEGATIONS

11. Plaintiff began employment for Legend, LLC on July 3, 2014. Plaintiff's employment was in Oklahoma City, Oklahoma as a Field Sales Representative. However, she was in a field position located in North Dakota.

12. Beginning on July 3, 2014, and continuing through the end of her employment with Defendant Legend, LLC, Plaintiff was subjected sexual harassment, a hostile work environment, and discrimination based upon gender by Defendant Legend, LLC, and agents thereof.

13. Plaintiff is a female and member of a protected class.

14. Male employees of Legend, LLC were not subjected to the same or similar treatment.

15. Defendant has fifteen (15) or more employees for each working day in each of

twenty or more calendar weeks in the current or preceding calendar year and is covered employers under Title VII.

16. These discriminatory actions taken against Plaintiff led Plaintiff to file charges of discrimination against Defendants with the EEOC.

17. At the time of Plaintiff's termination, she was employed full-time.

18. Upon beginning her employment with Defendant Legend, LLC, Plaintiff was informed that Defendant Legend, LLC did not want to hire a female sales representative.

19. Plaintiff was not offered the same benefits or abilities to attend activities that male employees of Defendant Legend, LLC enjoyed.

20. Plaintiff filed a formal complaint of gender discrimination with Tamara Trigg, who previously served Vice President of Sales. Ms. Trigg scheduled a telephone conference with Cheri Zimmerman and Matt Goodson, Chief Operations Manager. The gender discrimination issues were not resolved at this meeting, and Plaintiff faced increased discrimination.

21. On November 18, 2017, at a CHI Charity Ball, Matt Goodson, Chief Operations Manager, sexually harassed Plaintiff. Matt Goodson asked Plaintiff to go to his hotel room and have oral sex with another woman.

22. On or around June 2018, Matt Cannon, Director of Engineering, sexually harassed Plaintiff by sticking his hands down Plaintiff's dress and molesting her breasts. Mr. Cannon forcibly put Plaintiff's hand on his penis. Plaintiff pushed Mr. Cannon away and removed herself from the situation.

23. Plaintiff reported the claims of mistreatment and numerous incidents of sexual harassment she faced by Defendant's agents to Defendant's Human Resources Personnel.

24. Upon informing Human Resources of the sexual harassment faced, Plaintiff was informed that her position was "eliminated."

25. Subsequently, Plaintiff's employment at Legend, LLC was terminated on July 17, 2019.

26. Defendant posted a job listing for Plaintiff's same position of Field Sales Representative on the same date she was terminated.

27. As a result of Defendants' actions, Plaintiff has sustained the following injuries: loss of employment, loss of career path and opportunity, loss of wages, loss of fringe benefits, and other compensation; and consequential and compensatory damages including, but not limited to, those for humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

28. As a result, Plaintiff has been damaged well in excess of $150,000.00.

29. All adverse actions taken by Defendant against Plaintiff were intentional, willful, malicious, or in reckless disregard for the legal rights of Plaintiff.

**COUNT I: ILLEGAL DISCRIMINATION BASED UPON GENDER IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e *et seq*.**

30. Plaintiff reasserts and incorporates by reference paragraphs 1–29 as set forth above as if fully restated herein.

31. At all relevant times, Plaintiff was qualified for the position she held and had been performing satisfactorily.

32. Defendants' misconduct as described above, in terminating Plaintiff for discriminatory reasons, is in clear violation of Title VII of the Civil Rights Act of 1964.

33. Plaintiff's gender was a motivating factor in Defendants' adverse employment-related actions described above. Defendants violated Plaintiff's rights under Title VII by taking such adverse actions.

34. As a result of Defendants' illegal conduct under Title VII, Plaintiff has suffered losses, injuries, and damages, as set forth in paragraphs 27–29, above.

35. Plaintiff is entitled to and seek all legal and equitable remedies provided to a prevailing plaintiff under Title VII, including, without limitation: back pay, front pay, compensatory and punitive damages, as well as appropriate declaratory and injunctive relief.

36. Plaintiff is also entitled, under 42 U.S.C. § 2000e-5(k), to recover attorney fees and costs incurred in pursuing this claim.

## COUNT II: ILLEGAL DISCRIMINATION BASED UPON GENDER/ SEX IN VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT ("OADA"), 25 O.S. § 1101 *et. seq.*

37. Plaintiff reasserts and incorporates by reference paragraphs 1–29 as set forth above as if fully restated herein.

38. The acts and omissions described above violate the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. § 1101 *et. seq.*

39. As a result of Defendants' discriminatory and retaliatory actions against Plaintiff, Plaintiff has suffered the losses and damages described in paragraphs 27–29.

40. As such, Plaintiff is entitled to recover from Defendants all actual and compensatory damages, including, but not limited to, damages for back pay, front pay, humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety resulting from her wrongful discharge, as well as punitive damages.

41. Plaintiff is also entitled, under 25 O.S. §§ 1350(H) and 1506.8, to recover court costs and attorney fees incurred in pursuing this action.

## COUNT III: ILLEGAL RETALIATION FOR PROTECTED ACTIVITY IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; AND THE OADA, 25 O.S. § 1101 *et seq.*

42. Plaintiff reasserts and incorporates by reference paragraphs 1–29 as set forth above as if fully restated herein.

43. 42 U.S.C. § 2000e-3(a) makes it illegal to retaliate against an "individual [who] has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act."

44. 25 O.S. § 1601 also prohibits such retaliatory conduct.

45. 42 U.S.C. § 1981 also encompasses anti-retaliation measures resulting from post-formation activities.

46. Plaintiff clearly opposed the sexual harassment when she sought to prevent Defendant's agents from harassing her.

47. Plaintiff also clearly opposed the illegal harassment and discrimination when she complained to her employer's HR department.

48. Such opposition and participation is clearly protected activity as defined by Title VII, the OADA, and 42 U.S.C. § 1981.

49. Defendant's actions taken against Plaintiff following her protected activity in opposition to Defendant's illegal conduct are all retaliatory actions designed to prevent Plaintiff from exercising her rights under Title VII, the OADA, and 42 U.S.C. § 1981.

50. Such actions are clearly retaliatory in violation of Title VII, the OADA, and 42 U.S.C. § 1981.

51. As a result of Defendants' retaliatory conduct, Plaintiff has suffered the losses and damages described in paragraphs 27–29.

52. Plaintiff is entitled to and seek all legal and equitable remedies available to a prevailing plaintiff under Title VII, the OADA, and 42 U.S.C. § 1981, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any and all appropriate declaratory and injunctive relief.

53. Plaintiff is also entitled, under 42 U.S.C. § 2000e-5(k) and 25 O.S. §§ 1350(H) and 1506.8, to recover attorney fees and costs incurred in pursuing this claim.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court grants to the Plaintiff the following relief:

a. Back pay, in amounts to be determined at trial;

b. Front pay, in amounts to be determined at trial;

c. Emotional distress and punitive damages;

d. Compensatory and consequential damages;

e. Injunctive or declaratory relief;

f. Pre-judgment and post-judgment interest at the highest lawful rate;

g. Attorneys' fees and costs of this action, including expert witness fees, as appropriate;

h. That Defendant be enjoined and restrained from engaging in further discriminatory conduct; and

i. Any such further relief as justice allows.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma and Federal law.

Dated: <u>December 21, 2020</u>

Respectfully submitted,

<u>/s/ Jillian Mershon</u>
Jillian Mershon OBA #30172
Mazaheri Law Firm, PLLC
3000 W. Memorial Rd., Suite 230
Oklahoma City, OK 73120
Telephone: (405) 414-2222
Facsimile: (405) 607-4358
jillian@mazaherilaw.com
*Attorney for Plaintiff*

***ATTORNEY'S LIEN CLAIMED***