# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHRYN MCDANIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-20-1278-R |
| | ) |
| LEGEND ENERGY SERVICES, LLC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Motion to Dismiss (Doc. No. 9) filed by Defendant. Plaintiff both filed an Amended Complaint and responded in opposition to the motion. (Doc. No. 12). Defendant filed a reply in support of its position. (Doc. No. 13). Although the filing of an Amended Complaint supersedes the original and ordinarily the Amended Complaint would moot the Motion to Dismiss, because the motion addresses a purely legal issue, the Court will address the merits of the motion.[1]

Plaintiff, a former employee of Defendant Legend Energy Services, LLC, filed this action alleging that she was subjected to discrimination on the basis of gender, the existence of a hostile work environment, and retaliation in violation of both Title VII and the Oklahoma Anti-Discrimination Act ("OADA"). Defendant seeks dismissal of Plaintiff's

---

[1] Plaintiff's original complaint included a claim under 42 U.S.C. § 1981, which Plaintiff dismissed via the Amended Complaint. Accordingly, the Motion to Dismiss is moot as to Plaintiff's § 1981 claim. Defendant's motion does not challenge the sufficiency of the allegations as to a claim for retaliation. Rather, it is premised on the lack of availability of a remedy under state law.

claim for retaliation under the OADA, citing *Edwards v. Andrews*, 382 P.3d 1045, 1047 (Okla. 2016). In *Edwards*, the Oklahoma Supreme Court held:

> The remaining question concerns the "other" discriminatory practice of retaliation prohibited by section 1601(1). That provision neither defines retaliation, nor does it provide any remedy to compensate an employee who suffers retaliation at the hands of an employer. The only remedies provided in an individual action for employment discrimination are provided by Article III at section 1350. Therefore, the Oklahoma Legislature has prohibited retaliation but has not supplied any monetary remedy for an employee. It appears that the prohibitions in Article VI was intended to apply to discriminatory practices other than employment discrimination such as public accommodations (Article IV), housing (Article IVA), and human rights (Article V). Thus, the trial court erred by not dismissing the action.

*Id.* 1047. Although at first blush *Edwards* would appear controlling, the Court believes relying on the statement in *Edwards,* which is dicta, without further input from the Oklahoma Supreme Court would be erroneous.

In addition to the holding in *Edwards* being *dicta,* it appears internally inconsistent. The Supreme Court held that the defendant in *Edwards* was immune from suit under the OADA because § 1302, which defines discriminatory practices, includes an exclusion for "employment in the domestic service of the employer." The Court also noted the definition of "employer" set forth in § 1301(1), excludes an individual.[2] Therefore, as a result, the defendant could not be liable for violating Okla. Stat. tit. 25 § 1601, which makes it a discriminatory practice to "retaliate or discriminate against a person because he has

---

[2]   "Employer" means:
   a.  a legal entity, institution or organization that pays one or more individuals a salary or wages for work performance, or
   b.  a legal entity, institution, or organization which contracts or subcontracts with the state, a governmental entity or a state agency to furnish material or perform work.
 Okla. Stat. tit. 25 § 1301(1).

2

opposed a discriminatory practice, or because he has made a charge [or] filed a complaint. . . ."[3] *Edwards*, 382 P.3d at 1047. Finally, the Court held that, because the anti-retaliation provision of § 1601 did not contain any remedies, the Oklahoma legislature "prohibited retaliation but has not supplied any monetary remedy for an employee. It appears that the prohibitions in Article IV was intended (sic) to apply to discriminatory practices other than employment discrimination such as public accommodations (Article IV), housing (Article IVA), and human rights (Article V)." *Id.*

This conclusion is contrary to earlier Oklahoma Supreme Court precedent, namely *Tate v. Browning-Ferris, Inc.*, 833 P.2d 1218, 1227 (Okla. 1992)(Noting that the act prohibits discrimination and retaliation with regard to employment, public accommodation, and housing). Although other provisions of the Act have been substantially modified since *Tate*, § 1601 has not been amended.

Further confusing the state of Oklahoma law is the language of Okla. Stat. tit. 25 § 1350, which abolishes the common law remedy for "employment-based discrimination." Okla. Stat. tit. 25 § 1350(A).[4] Section 1350(B), however, addresses retaliation:

> In order to have standing in a court of law to allege discrimination arising from an employment-related matter, in a cause of action against an employer for discrimination based on . . . sex . . . or retaliation, an aggrieved party must, within one hundred eighty (180) days from the last date of alleged discrimination, file a charge of discrimination in employment with the Attorney General's Office of Civil Rights Enforcement or the Equal

---

[3] The Court stated that the suit was "based solely on the "Other Discriminatory Practices" of section 1601. *Id.* at 1047. Accordingly, it would appear that retaliation, as prohibited by Article VI, § 1601, is a form of discrimination.

[4] Prior to the 2011 amendments to the Act, the OADA only provided a cause of action for the victims of handicap discrimination. The Oklahoma Supreme Court permitted common law tort claims to be asserted by victims of other types of discrimination under *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989), commonly known as a public policy tort claim. *See Gardner v. Sears Holdings Corp.*, 398 F. App'x 420, 422 (10th Cir. 2010).

>Employment Opportunity Commission alleging the basis of discrimination believed to have been perpetrated on the aggrieved party.

Subsection (G), however, which sets forth the remedies for employment discrimination, however, does not reference retaliation.

The above issues all derive from state law. Although this Court is well poised to consider undecided issues of state law, given the history of OADA and the implications of adopting *Edwards* without consideration of the above, the Court believes the Oklahoma Supreme Court should be given the opportunity to clarify the issue should it so desire. Pursuant to Okla. Stat. tit. 20 § 1602, this Court may certify a question to the Oklahoma Supreme Court, which is vested with the discretionary authority to review such questions. *See* Okla. Stat. tit. 20 § 1602 ("The Supreme Court . . . may answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation or in the certifying court and there is no controlling decision of the Supreme Court . . ."). The Court hereby orders the parties to inform the Court in writing via filed Notice of their respective positions regarding certification. If the Court chooses to certify the question discovery, in this action will continue during the pendency of the certification process; however, trial will not be conducted until such time as the Oklahoma Supreme Court has either addressed or declined to address the issue. In the alternative, Plaintiff is free to withdraw her retaliation claim under the OADA.[5] The parties shall file their separate notices within seven days of entry of this Order. Any party that supports certification should submit its suggested question or questions with its Notice.

---

[5] Defendant is also free to withdraw its motion.

**IT IS SO ORDERED** this 12th day of February 2021.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE